Case 2:06-cv-00525-PGS-ES   Document 55   Filed 07/02/07   Page 1 of 10 PageID: 832

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, : : : | |
| Plaintiff, : | Civil Action No. 06-525 (PGS) |
| v. : | OPINION |
| JORDAN MARC RICHMOND, SIMONE JOY RICHMOND, DORIS E. PRYOR, STANLEY H. RICHMOND, individually and as Executor of the Estate of Mignon Richmond, THE ESTATE OF MIGNON RICHMOND, and VALJAWAN DEER, : : : : : : : : | |
| Defendants. : | |

**SHERIDAN, U.S.D.J.**

Dealing with multiple claims on a life insurance policy, Plaintiff Prudential Insurance Company of America ("Prudential") filed this interpleader action, seeking to deposit the full sum of the life insurance policy with the Court and be dismissed from the case. Defendants Stanley H. Richmond, Simone Joy Richmond, and Jordan Marc Richmond ("the Richmond Defendants") and Defendant Doris E. Pryor ("Pryor"), have filed a motion for partial summary judgment and dual summary judgment motions, respectively.

I.

Decedent, Mignon Richmond, a former employee of Xerox Corporation, through her employment with the company, qualified for Group Life Insurance Benefits under a policy provided by Prudential ("the Policy"). On January 18, 1992, decedent completed a Beneficiary Designation

Form naming her husband, Stanley H. Richmond, as primary beneficiary, and her son, Jordan Marc Richmond, and daughter, Simone Joy Richmond, as contingent beneficiaries. And lastly, the pre-printed form lists "My Final Beneficiaries: The executors or administrator of my estate." This beneficiary designation was signed by decedent and marked received by Prudential.

About eleven years later, in 2003, Xerox issued a "New Rule Affecting Payment of Life Insurance Benefits with No Beneficiary Designation On File" ("New Rule"). The New Rule stated in part:

> It is very important that you designate beneficiaries for your basic and optional employee life insurance. On January 1, 2003, a new rule will take effect regarding the payment of life insurance benefits when no beneficiary has been designated.
>
> Currently, if there is no beneficiary designation on file at the time of the insured's death, or if the beneficiary has predeceased the insured, benefits are paid directly to the insured's estate. Prudential is now adopting a new rule, which will provide for the payment of benefits to surviving family members instead of to the estate. Under the new rules, benefits will be paid to the insured's survivors in this successive order: surviving spouse, surviving children in equal shares, surviving parents in equal shares, surviving siblings in equal shares, and the insured's estate.
>
> If you haven't completed a beneficiary designation form because you wanted life insurance benefits to go to your estate, you must now complete a beneficiary form to continue to have your estate be your beneficiary . . . If you want your life insurance benefits to go to your estate, complete the form and indicate "my executors or administrators on behalf of my estate" as your beneficiary . . .

On November 24, 2004, decedent died from complications related to breast cancer. At the time of her death, the death claim benefit under the Policy was $200,000.00 in Basic Term Life and $463,500.00 in Optional Term Life, totaling $663,500.00.

Stanley Richmond contacted his attorney, James R. Strull, Esq., whose primary practice is trusts and estates law, to probate the estate and to facilitate payment of the life insurance proceeds. In or around July 2005, Strull maintains that he contacted Prudential by calling the customer service number. Without seeing any documentation regarding the terms of the Policy, Strull claims that he spoke with Arlene Daniels, Customer Service Associate for the Group Life Record Keeping Division, and advised her that his client was intending to disclaim life insurance proceeds, and have the proceeds payable to the Estate of Mignon Richmond because of certain tax advantages achieved if the Estate receives the proceeds. Strull asked Daniels who would have to disclaim the life insurance proceeds in order to accomplish this goal. It is alleged that Daniels advised Strull that Stanley Richmond, as primary beneficiary, and the two children, as contingent beneficiaries, must disclaim the proceeds. On the other hand, Daniels denies having any conversation with Strull or giving Strull any advice about disclaimers. Daniels furthered that she does not even know what a disclaimer is and her department is not responsible for interpreting the Policy.

On July 19, 2005, Strull purportedly confirmed his conversation with Daniels. The letter stated in part:

> Mr. Richmond and his children intend to disclaim the proceeds of the life insurance policies. Accordingly, we would appreciate it if you could confirm the beneficiary designations and the date of death proceeds to which the beneficiaries are entitled.

Daniels acknowledges receipt of this letter. In response, Daniels succinctly wrote: "As you have requested the Primary Beneficiary is Stanley H. Richmond Basic Amt payable is $200,000.00[.] The children are the contingent beneficiaries' daughter Simone and son Jordan M. Richmond[.]" At no point in his alleged communications with Daniels did Strull request Daniels to provide documents

concerning the Policy. This is very peculiar because Daniels only confirms $200,000, as opposed to $663,500 in life insurance benefits.

Four months later, on November 26, 2005, Prudential received a letter from Strull, attaching Letters Testamentary appointing Defendant Stanley Richmond as Executor of the Estate of Mignon Richmond and irrevocable disclaimers to the death claim benefits by the Richmond Defendants. Strull requested that the death claim benefits be made payable to the Estate of Mignon Richmond.

Upon receipt of this request, the matter went awry. The Prudential Group Life Claim Division responded to Stanley Richmond (as opposed to Strull) acknowledging receipt of the disclaimers. Prudential's response, apparently applying the New Rule instead of the Beneficiary Designation Form, stated that the proceeds would be payable to the surviving heirs in the following order: surviving spouse, surviving child(ren) in equal shares, surviving parents in equal shares, surviving siblings in equal shares, and then the estate. In light of the irrevocable disclaimers, the spouse and children were no longer entitled to the benefits; leaving (according to Prudential) the life insurance proceeds to Doris E. Pryor, the sole surviving parent of decedent. At this point, Mr. Strull's strategy to minimize taxes appeared to backfire. Complicating the matter further is the fact that the family members are feuding.

II.

The positions of the parties are relatively straightforward. Pryor argues that the New Rule applies and that the disclaimers are irrevocable. Accordingly, Pryor claims that she is entitled to the entire sum. The Richmond Defendants argue in the alternative. First, the Richmond Defendants maintain that the Beneficiary Designation Form controls, and assuming, *arguendo*, the disclaimers are effective, the final beneficiary listed on the Beneficiary Designation Form is the Estate. Alternatively, these defendants contend that if the New Rule applies, then the disclaimers were

mistakenly submitted by Mr. Strull relying on statements of Prudential, and the Court should declare that they are void.

Prudential has no position on the outcome; but seeks to deposit the funds into Court through this interpleader action.

III.

For the reasons below, the Court finds in favor of the Estate of Mignon Richmond and directs Prudential to pay the proceeds to the Estate.

Generally, in construing the terms of a life insurance contract, the court looks to the terms of the Policy itself. *Webb v. Witt*, 379 N.J.Super.18, 33, 876 A.2d 858 (App. Div. 2005)("[A]n insurance policy is a contract, and like other contracts, the terms of the policy define the parties' rights and obligations."). In addition, the Court also seeks to effectuate the intent of the decedent. *David v. Metropolitan Life Ins. Co.*, 135 N.J.L. 106, 50 A.2d 651 (Law. Div. 1947)("A life insurance policy such as this is a contract between the insurer and the insured; and it is to be construed and enforced according to the common intention of the parties as expressed in the writing and the provisions incorporated therein by force of statute law . . .").

The simplest argument is often the most persuasive. The decedent filled out, signed, and submitted a Beneficiary Designation Form on May 21, 1992. It was stamped received by Prudential on June 16, 1992. As noted above, the form provided the following (references in italics indicate handwritten entries):

5

**Beneficiary Designation**

\*\*\*\*

I hereby designate the beneficiary or beneficiaries named below to receive the benefits to which I am entitled upon my death. This revokes any previous designation I may have made. I understand that if I have designated a minor, proceeds must be paid to his/her legal guardian.

Sign Your Legal Name: /s/ *Mignon Richmond*  Date: *5/21/92*

Identify Beneficiaries Named Below by Relationship, Birth Date, and Address

\*\*\*\*

**My Primary Beneficiary or Beneficiaries** (Please follow instructions on reverse)
*Stanley H. Richmond, husband, born June 8, 1943*
**My Contingent Beneficiary or Beneficiaries** (Please follow instructions on reverse)
*Simone Joy Richmond, daughter, born Dec. 5, 1977 and*
*Jordan Marc Richmond, son, born Nov. 10, 1979*
*Equally or the survivor*
**My Final Beneficiaries:** The executors or administrators of my estate.

(A copy of the Beneficiary Designation Form has been appended to this Opinion for the parties' convenience). This is the only document which evidences the decedent's intent, as it is the only form which she executed. It clearly states who obtains the proceeds of the Policy. There is no evidence that decedent wished to change her beneficiaries at any time.

Assuming for the moment decedent sought to change her beneficiaries, the Policy provided a mechanism to do so. The Policy stated:

> You may change the Beneficiary at any time without the consent of the present Beneficiary. The Beneficiary change form must be filed through the Contract Holder. The change will take effect on the date the form is signed. But it will not apply to any amount paid by Prudential before it receives the form.

6

There is nothing before the Court that remotely suggests that decedent exercised her right to change the beneficiaries. There is no Beneficiary Change Form on file as required by the Policy. "The beneficiary of a life insurance policy cannot be changed unless there is substantial compliance with the method provided in the contract." *Garvin v. A.B.*, 2006 WL 2830966 *5 (D.N.J. 2006). *See also*, *Strohsahl v. Equitable Life Assurance Soc'y of the United States*, 71 N.J.Super. 300, 304 (Ch. Div.1962)); *U.S. v. Burgo*, 175 F.2d 196, 198 (3d Cir. 1949). In this case there is no change form, and no apparent intent to do same.

IV.

The argument that the New Rule supercedes the Beneficiary Designation Form lacks merit. The New Rule by its very terms does not apply in this instance. The scope of the New Rule limits the circumstances of its applicability. The New Rule controls only when there is "no beneficiary designation on file." Within the body of the New Rule, it further explains that the New Rule "will take effect regarding the payment of life insurance benefits when no beneficiary has been designated." In this case, decedent's beneficiary designation was on file for more than a decade! The New Rule, by its clear and unambiguous language, does not apply in this instance.

V.

Next, the Court must determine the validity of the disclaimers. Common sense dictates that the decedent desired to minimize taxes paid on the proceeds. This notion is consistent with the everyday practice of the law. Generally, post mortem disclaimers by executors and heirs are "quite common and hardly unforeseeable deviations." *Nickel v. Estates of Estes*, 122 F. 3d 294, 302 (5th Cir. 1997) (dissenting opinion). Such disclaimers are often employed to avoid or minimize taxes, and are recognized by both state and federal statutes. 26 U.S.C. §2518. N.J.S.A. 3B:9-2. In that

7

context, Mr. Strull's use of a disclaimer is not unusual. Mr. Strull's irrevocable disclaimers are effective (no matter whether by luck or design). Since all the Richmond Defendants have declined under the terms of the Beneficiary Designation Form, the decedent's "final beneficiary" takes the proceeds - - the Estate of Mignon Richmond.

Pryor disputes this conclusion on a related point. The final beneficiary - - "Executors or Administrators of My Estate" - - is preprinted on the Beneficiary Designation Form rather than handwritten on the form as are the primary and contingent beneficiaries. According to Pryor, due to this difference, the designation of the final beneficiary is not effective. Pryor does not cite to any case precisely on point. The Court rejects the argument because the decedent's signature clearly appears on the Beneficiary Designation Form beneath the language that indicates "I hereby designate the beneficiary or beneficiaries named below to receive the benefits to which I am entitled upon my death." There is nothing that suggests the decedent did not read or understand the provision before signing the document and naming her beneficiaries.

VI.

Finally, the motions of Prudential must be addressed. First, Prudential seeks to deposit the life insurance proceeds into Court. This request is moot because the rights of the parties have been resolved by this decision. It can pay the Estate directly.

Secondly, Prudential seeks legal fees. The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund. *3a Moore's Federal Practice* ¶ 22.16(2), p. 22-169. Authority to award a stakeholder costs and fees does not derive from the interpleader statute or the

rule, but is an equitable doctrine. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir.1976); see also *Moore's* ¶ 22.16(1), p. 22-160. A court may deny fees where a stakeholder interpleaded funds merely to free itself from ongoing litigation or the vexation of multiple lawsuits. *Sun Life Insurance v. Thomas*, 735 F. Supp. 730, 733 (W.D. Mich. 1990).

In this case, Prudential misconstrued the New Rule and, at oral argument, it conceded that Prudential representatives inexplicably contacted Mrs. Pryor stating she may be the beneficiary long before Mr. Strull called Prudential or filed the disclaimers. It was only after it created the commotion that it filed this suit in order to absolve itself of liability. Under the circumstances, an award of legal fees is inappropriate.

## VII.

In summary, Pryor's motions for summary judgment are denied. The Richmond Defendants' motion for summary judgment in favor of the Estate is granted. Prudential's motion for interpleader and counsel fees are denied. The complaint, counterclaims and cross-claims are dismissed with prejudice.

July 2, 2007

PETER G. SHERIDAN, U.S.D.J.

MAY 25 '06 14:32 FR GLDI LAW DEPT          9735486575 TO 59735240808      P.07/14
FEB 01 2006  9:42 AM FR                                TO 919735486575     P.06

XEROX

# Beneficiary Designation

MEGAN · RICHMOND       JUN 1 8 1992    Oct 15, 1973

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

Note: The first $50,000 of coverage under the Xerox employee life insurance program is provided by a group life insurance policy issued by Metropolitan Insurance Company (hereafter, "First $50,000"). All coverage in excess of $50,000 and cash value is provided under a group policy issued by The Prudential Insurance Company (together, hereafter, "Cash Value"). You must designate a beneficiary for each part of the program, the First $50,000 and Cash Value (please see instructions on reverse).

I hereby designate the beneficiary or beneficiaries named below to receive the benefits to which I am entitled upon my death. This revokes any previous designation I may have made. I understand that if I have designated a minor, proceeds must be paid to his/her legal guardian.

Date 5/21/92

Sign Your Legal Name  Megan Richmond

Identify Beneficiaries Named Below by Relationship, Birth Date, and Address

**First $50,000 Life Insurance** — Group Policy X6500 Insured by Metropolitan Insurance Company

My Primary Beneficiary or Beneficiaries (Please follow instructions on reverse)

Stanley H. Richmond, husband, born June 8, 1943

My Contingent Beneficiary or Beneficiaries (Please follow instructions on reverse)

Amore Joy Richmond, daughter, born Dec. 5, 1977 and
Jordan Marc Richmond, son, born Nov. 10, 1979
Equally or the survivor

My Final Beneficiaries: The executors or administrators of my estate.

**Cash Value Life Insurance** — Group Policy X-09790 Insured by The Prudential Insurance Company

☒ I hereby designate the beneficiaries named for First $50,000 Life Insurance to receive the benefits to which I am entitled under Cash Value Life Insurance.  Initials: MR
☐ (Note: This does not apply if I have designated beneficiaries below.)

My Primary Beneficiary or Beneficiaries (Please follow instructions on reverse)

My Contingent Beneficiary or Beneficiaries (Please follow instructions on reverse)

My Final Beneficiaries: The executors or administrators of my estate.

FEB 01 '06 10:32                                       PAGE.06

RECEIVED TIME MAY. 25.


EXHIBIT
Daniels 8
3/14/07

PRU000000054